**Carol GUINN, Plaintiff,**

v.

**ELECTRONIC DATA SYSTEMS, INC., Defendant.**

**Civ. A. No. A:90–0178.**

United States District Court, S.D. West Virginia, Parkersburg Division.

Dec. 19, 1990.

Walt Auvil, Pyles & Auvil, Parkersburg, W.Va., for plaintiff.

Charles A. Linn and Lee J. Hutton, Duvin, Cahn & Barnard, Cleveland, Ohio, and Robert W. Friend, Parkersburg, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion for summary judgment. Upon consideration of the arguments made and memoranda submitted by the parties, the Court GRANTS the Defendant's motion for summary judgment since there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law.

Carol Guinn commenced this action alleging that Electronic Data Systems, Inc. (hereinafter "EDS") terminated her employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* She also alleges that EDS failed to pay accrued vacation pay upon her termination in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

EDS is a data processing company which services customers nationwide. The Plaintiff was employed as an administrative assistant at the Ohio Valley Division of EDS, located in Belpre, Ohio. She served as an administrative assistant to Robert Bom, Account Manager for the Ohio Valley Division. Bom was one of the founders of Ohio Valley Data Control, a Belpre based data processing company that was a predecessor to the EDS facility.

A business decision was made to the cut the employment pool by 10% at the Belpre, Ohio, facility. EDS's Regional Account Manager, Mitchell Pennigar, instructed Bom to eliminate 10% of the roughly forty employees at the Belpre location. Bom's newly assigned direct supervisor, John Simus, was informed of the need to reduce employment and was instructed to work with Bom to come up with a list of four positions that could be eliminated.

Bom and Simus conferred with subordinate management personnel as to which employees could be eliminated with the smallest impact on customer service. The Plaintiff's name surfaced several times during these discussions since her responsibilities over the years had decreased. By the Plaintiff's own admission in deposition testimony, she had already relinquished

many of her duties prior to the date of her termination.

At a meeting on May 25, 1989, Bom and Simus met and compared their recommendations for termination. Simus provided Bom a list of four individuals that he chose for termination and indicated that his recommendations would be the individuals terminated whether Bom agreed or not. Included in this list was the Plaintiff and members of Bom's administrative staff. Since Simus wished to terminate most of Bom's administrative staff, Bom took this as an indication that Simus was seeking to eliminate Bom's position of employment. Bom decided to resign and replace one of the four individuals on Simus's list.

Under *Rule* 56(c), Federal Rules of Civil Procedure, summary judgment is proper

> "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. SH Kress & Co*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, once a moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must proffer evidence showing there is a genuine issue for trial.

■ The Plaintiff has failed to raise a genuine issue of material fact with respect to her claim that EDS violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* To prove age discrimination under the ADEA, Plaintiff must show that "but for her age, she would not have been discharged." *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 847 (4th Cir.1988); *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1051 (4th Cir.1987), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988); *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1432 (4th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). The "but for" standard can be established through traditional methods of proof such as direct or indirect evidence, or by the special burden shifting method of proof which the United States Supreme Court enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The *McDonnell Douglas* test originally was formulated for Title VII cases, but has been consistently applied in age discrimination cases. *Goldberg*, 836 F.2d at 849; *English*, 828 F.2d at 1051; *Lovelace v. Sherwin Williams Co.*, 681 F.2d 230, 239 (4th Cir.1982).

Carol Guinn has failed to proffer any evidence to show that there is a genuine issue of material fact that she would not have been terminated "but for" her age. She has failed to produce any documents or statements by management or others at EDS that might indicate that her termination was based upon age. Nor has Plaintiff produced any statistical evidence raising a genuine issue of intent by EDS to discriminate based upon age. The fact that all four employees terminated were over the age of 45, standing alone, cannot meet the Plaintiff's burden of establishing a genuine issue for trial. Likewise, the Plaintiff's communicated willingness to transfer to a "fine sorting" job position cannot, standing alone, establish a genuine issue for trial.

Assuming *arguendo* that the Plaintiff could establish a *prima facie* case of age discrimination, her claim still fails because EDS articulated a legitimate, non-discriminatory reason for Plaintiff's discharge and nothing was produced in response to indicate that the articulated reason was pretextual. EDS adequately articulated that the Plaintiff's duties were small and that the

elimination of her position would only have minor effects on the ability of EDS to service its customers. By her own admission during deposition testimony, the job duties of the Plaintiff were not very extensive.

Under the burden shifting analysis, the Plaintiff must bring forth some evidence that the articulated business reason was pretextual.

"If the plaintiff cannot produce sufficient evidence to create an inference of discriminatory motive, then the employer's articulated business reasons remain unrebutted, and summary judgment is appropriate."

*McDaniel v. Mead Corp.*, 622 F.Supp. 351, 361 (W.D.Va.1985), *aff'd* 818 F.2d 861 (4th Cir.1987). The Plaintiff wholly failed to produce evidence to show that EDS's proffered reasons are not credible, or that the Plaintiff's age was more likely the reason for the discharge than the proffered reasons. She has failed to rebut EDS's articulated reason for terminating the Plaintiff's employment.

In addition to the ADEA claim, the Plaintiff asserts a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* No direct or circumstantial evidence of sex discrimination has been brought forth by the Plaintiff to support her claim. Moreover, the Plaintiff, in her memorandum in opposition to the Defendant's motion for summary judgment, failed to rebut the Defendant's motion for summary judgment with regards to the Title VII claim. From the pleadings, affidavits, and documents submitted, there is no evidence to indicate that the Plaintiff was discharged due to her sex. Therefore, there is no triable issue of sex discrimination and the Defendant is entitled to judgment as a matter of law.

■ The final cause of action alleged by Plaintiff is for accrued vacation pay asserted pursuant to the Employee Retirement Income Security Act. It is clear that a company's policy of paying its discharged employees for their unused vacation time is not an "employee welfare benefit" plan pursuant to ERISA. *Massachusetts v. Morash*, 490 U.S. 107, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). Thus Plaintiff has failed to allege a recognized cause of action under ERISA, and accordingly, the Court grants the Defendant's motion for summary judgment and ORDERS that the Plaintiff's claim for accrued vacation pay be dismissed without prejudice.

Accordingly, the Court grants the Defendant's motion for summary judgment with respect to the Plaintiff's claims under ADEA and Title VII and dismisses those causes of action. As to the claims made under ERISA, the Court grants the Defendant's motion for summary judgment and dismisses the Plaintiff's cause of action without prejudice.