946 F.2d 885
 57 Fair Empl.Prac.Cas. (BNA) 360
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carol GUINN, Plaintiff-Appellant,
v.
ELECTRONIC DATA SYSTEMS, INCORPORATED, Defendant-Appellee.
 No. 91-1011.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Oct. 15, 1991.
As Amended Nov. 21, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-90-178-A)
 Argued: Leman Walton Auvil, Pyles & Auvil, Parkersburg, W.Va., for appellant; Lee J. Hutton, Duvin, Cahn & Barnard, Cleveland, Ohio, for appellee.
 On Brief: Charles A. Linn, Duvin, Cahn & Barnard, Cleveland, Ohio, Robert W. Friend, Sr., Parkersburg, W.Va., for appellee.
 S.D.W.Va., 752 F.Supp. 713.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Carol Guinn appeals from a summary judgment granted to Electronic Data Systems, Inc. (EDS) in her action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Guinn claims that EDS unlawfully discharged her because she was 59 years old and female. We affirm.
 
 
 2
 Guinn was employed by EDS and its predecessors for twenty-three years in Belpre, Ohio. EDS performs data processing services, such as processing checks for banks, on a nationwide basis. In her complaint, Guinn described herself as an executive secretary/bookkeeper and indicated that she performed a variety of tasks, primarily as a general assistant to the account manager of the Ohio Valley operation. Beginning in 1985, Guinn's responsibilities were diminished as her duties were reassigned to others or absorbed by the corporate headquarters of the companies that acquired the Ohio Valley operation.
 
 
 3
 Deposition evidence indicates that soon after acquiring the Ohio Valley operation, EDS determined that its operations were unprofitable. Because the division was losing between one and two million dollars a year, EDS instituted procedures to reduce expenses. The regional accounts manager instructed Guinn's local superior to reduce the size of its work force by ten percent and to suggest positions for elimination. This required the termination of four employees from the staff of approximately forty. Consultation among the Ohio Valley operations supervisors failed to identify all four positions to be eliminated and, as a consequence, the regional account executive selected four individuals for termination. Guinn, who was 59 years of age at the time, was one of the four. Subsequently, Guinn filed suit in the United States District Court for the Southern District of West Virginia, alleging that EDS violated her rights under ADEA and Title VII of the Civil Rights Act of 1964.
 
 
 4
 Ultimately, Guinn must prove that "but for" her age or sex EDS would not have discharged her. Plaintiffs can accomplish this through traditional methods of proof, that is, by relevant and probative direct or indirect evidence of discrimination. Goldberg v. B. Green & Co., 836 F.2d 845, 847 (4th Cir.1988); Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir.1982). We also permit ADEA plaintiffs to use the three-stage scheme of proof devised by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989); E.E.O.C. v. Western Electric Co., 713 F.2d 1011, 1014-15 (4th Cir.1983); McDaniel v. Mead Corp., 622 F.Supp. 351 (W.D.Va.1985) aff'd, 818 F.2d 861 (4th Cir.1987).
 
 
 5
 Under the McDonnell-Douglas scheme, as adapted by Burdine, the plaintiff establishes a prima facie case of discrimination by satisfying a four-prong test. The prima facie case establishes a rebuttable presumption of unlawful discrimination and shifts the burden of producing evidence to the employer. At this stage, the employer must articulate some legitimate non-discriminatory reason for its action. At the final stage, the employee bears the burden of demonstrating that those reasons are untrue or a pretext for discrimination. Burdine, 450 U.S. at 254-55; Herold, 864 F.2d at 319; Western Electric, 713 F.2d at 1014.
 
 
 6
 We agree with the district court that even had Guinn established a prima facie case, she failed to present sufficient evidence to create an inference that EDS' legitimate non-discriminatory reason for the action was a pretext for discrimination.
 
 
 7
 EDS met its obligation to produce evidence of a legitimate nondiscriminatory reason for its action. EDS states that it terminated Guinn and three other employees in an effort to reduce expenses by reducing its work force. EDS based its choice of which employees to terminate on an age and sex neutral standard: it would discharge those employees whose departure would have a minimal impact on its ability to provide services to its customers.
 
 
 8
 Guinn attempts to rebut this by pointing to the fact that all four discharged employees were over the age of 45. We agree with the district court's conclusion that this fact, standing alone, does not establish a genuine issue for trial. Guinn also argues that EDS failed to transfer her to the position of "fine sorter" at Belpre, but that EDS later transferred two 35 year old male employees to that position from another facility. She does not, however, offer any evidence to counter EDS' explanation that the position was simply not vacant at the time she was terminated.
 
 
 9
 In addition, Guinn provides no evidence to indicate that she was discharged because she is a woman. We agree with the district court that her failure to support this claim means there is no triable issue of sex discrimination.
 
 
 10
 Under Fed.R.Civ.P. 56, summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party, EDS, bears the initial burden of showing the absence of a genuine issue concerning any material fact. Adikes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once that burden is met, the nonmoving party, Guinn, must "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate in age and sex discrimination cases when the plaintiff does not produce sufficient evidence to create an inference of discriminatory motive to rebut the employer's articulated non-discriminatory reason. McDaniel, 622 F.Supp. at 361.
 
 
 11
 We agree with the district court that the summary judgment record reflects that over the final two years of her employment Guinn's duties had diminished until her time was not fully occupied and her dismissal would have little or no impact on the delivery of customer services and that her termination was based on legitimate nondiscriminatory business reasons rather than on either age or sex considerations.
 
 
 12
 In view of this, the opinion of the district court is affirmed.
 
 
 13
 AFFIRMED.