**John W. HARDING, et al, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, et al, Defendants.**

**Civ. A. No. 83–2434.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 2, 1985.

Richard L. Withers, Hickok & Withers, L.C., Charleston, W.Va., for plaintiffs.

Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., for defendants.

Jack W. Burtch, Jr., McSweeney, Stutts & Burtch, Richmond, Va., and David D. Johnson, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for Local 305, Nat. Post Office Mail Handlers.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of the Defendants to dismiss or, in the alternative, for summary judgment. The Plaintiffs quite naturally oppose the motion. The parties have filed the appropriate memoranda of law and such have been carefully reviewed by the Court.

The Plaintiffs appear to have settled on a theory for their case. The Defendants note that the action is not brought under the Rehabilitation Act, 29 U.S.C. § 794a; the Plaintiffs do not allege that they are qualified handicapped employees or that they have exhausted administrative remedies. Failure to exhaust administrative remedies also precludes an action under the Federal Tort Claims Act. Neither do the Plaintiffs rest their case upon Title VII of the Civil Rights Act of 1964. Rather, the Plaintiffs' case can be classified as a *Bivens*-type action. The Plaintiffs allege that they were denied their Fifth Amendment right to due process by the Postal Service and the individually named Defendants. Specifically, the Plaintiffs claim that the Postal Service employed a presumption of fraud when the Plaintiffs, while employees, filed compensation claims.

The private right of action for constitutional violations created by *Bivens v. Six Unknown Named Agents of Federal Bu-*

*reau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and previously available to federal employees has been substantially undercut by the subsequent decision in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). Bush, an employee of NASA, brought suit on account of a demotion which he had received. The demotion, he argued, was a reaction to his exercise of the First Amendment right of free speech—his criticism of the agency. The Supreme Court held that he was not entitled to a constitutional remedy because of the availability of the administrative procedures provided in the Civil Service Commission's regulations.[1]

The Plaintiffs here argue that the case of *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), is more apposite in that in *Davis* the Supreme Court recognized a right of action under the Fifth Amendment. *Bush,* argue the Plaintiffs, involved a right asserted under the First Amendment. The Plaintiffs' point is misplaced. The issue, said the Supreme Court in *Bush* is "[w]hether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional right violation at issue."[2] In other words, the issue is not under what section of the Constitution the action is brought, but who is bringing it and what additional remedies they have available to them. In *Davis,* the

Plaintiff, a congressional employee, did not have the elaborate administrative and contractual procedures available to her that these Plaintiffs have.

The Plaintiffs here are unique compared with most other federal employees in that they have not one but two different grievance systems available to them. They can proceed under 5 U.S.C. § 7501, *et seq.* (the merit system)[3] or they can pursue the five-step procedure set out in their union's collective bargaining agreement with the Postal Service.[4]

■ Although the Plaintiffs did not assign it as a jurisdictional ground, the Plaintiffs' suit is quite similar to that authorized under 39 U.S.C. § 1208(b). That section gives federal courts jurisdiction of suits for violation of contracts between the Postal Service and a union or unions. As the Defendants note, Section 1208 parallels the language of that more general labor provision: Section 301 of the National Labor Relations Act, 29 U.S.C. § 185(a). Accordingly, the courts have held that Section 301 law can be applied to the Postal Service analogue. *Bowen v. United States Postal Service,* 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983) (as noted by White, J., dissenting); *Columbia Local, American Postal Workers Union v. Bolger,* 621 F.2d 615 (4th Cir.1980) (by implication). As the law has commonly been applied to Section 301 suits, an employee only may go behind a collective bargaining agreement's final and binding award[5] when he demonstrates

---

1. The unavailability of alternative remedies was a decisive factor which led the Court in *Bivens* to grant the plaintiff a direct constitutional remedy.

2. The Plaintiffs here also argue that the remedies available under the merit system and the bargaining agreement processes are less effective than those available under a *Bivens*-type action. The same argument was raised in *Bush.* The Supreme Court dismissed the argument as missing the issue. The issue, said the Court, was whether an alternative remedial system existed. Moreover, the Fourth Circuit has ruled that a *Bivens*-type action is unavailable to a federal employee whose statutory remedies are even less comprehensive than those accorded to the plaintiff in *Bush. Pinar v. Dole,* 747 F.2d 899 (4th Cir.1984).

3. The Court's review of the record reveals that at least Plaintiffs Williams and Harding had military service which would qualify them for "preference eligible" status pursuant to 5 U.S.C. § 2108(3). Nonprobationary preference eligibles may use the merit system. 5 U.S.C. § 7511(a)(1)(B).

4. The Postal Service has authority under 39 U.S.C. § 1206(b) to enter into collective bargaining agreements with unions.

5. The collective bargaining agreement here provided that arbitration would be final and binding.

that his union's breach of its duty "seriously undermine[d] the integrity of the arbitral process." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231 (1976); *see also United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (the Steelworkers Trilogy).

The Plaintiffs' problem in pressing a theory sounding in unfair representation is one of timeliness. The Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) held that the six-month limitation period in Section 10(b) of the NLRA, 29 U.S.C. § 160(b), applied to suits brought against the employer and union under § 301. The Fourth Circuit has since held that *DelCostello* should be applied retroactively. *Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir. 1983). The Plaintiffs filed suit after the six-month limitations period. Relative to this problem or not, the unions now have been dismissed voluntarily from this action.

■ With only the employer and its agents remaining in the suit, the Plaintiffs now proceed under their constitutional tort theory. Clearly, the teaching of *Bush v. Lucas* applies to the Plaintiffs' situation. They are federal employees who go the plaintiff in *Bush* one better: they have a grievance procedure under their collective bargaining agreement in addition to the federal administrative procedures. Plaintiffs argue, however, that they should not be barred by the existence of alternative remedies because those remedies have been "perverted by the due process violations" of which the Plaintiffs complain. In effect, the Plaintiffs have lifted the philosophy and theory behind an unfair representation suit and carried it over to the *Bivens* constitutional tort theory. There may be a case in which such an approach would bypass the holding of *Bush*, but this one is not.[6]

To repeat, the Plaintiffs contend that "certain procedural evidentiary presumptions of guilt have unduly tainted" the other systems. The Court finds this argument to be nothing more than a subterfuge by which the Plaintiffs wish to relitigate what has already been decided. The so-called "presumptions" of the Postal Service appear to be little more than reasonable determinations of probable cause to investigate. Both Plaintiffs Harding and Goff admit that they referred to incorrect dates in reporting injuries they allegedly received on the job. The Court fails to see how this tenuously asserted theory regarding a presumption of fraud "tainted" the arbitration process between the union and the Postal Service.[7] Harding and Goff both proceeded to final arbitration. The Court does not believe they should now be allowed to subvert the holdings of *Bush* and the *Steelworkers Trilogy* with this thinly disguised end run.

The above also applies to Plaintiff Williams.[8] In addition, the Court notes that Williams conceded he could no longer perform his duties as a mail handler. It is for this that the Defendants assert he was

---

6. One district court has even held that *Bush* precludes a probationary federal employee, who is not entitled to extensive statutory coverage, from bringing a *Bivens*-type action. The court found the federal employer-employee relationship to be a special factor which counseled hesitation on letting the action proceed. *Francisco v. Schmidt*, 575 F.Supp. 1200 (E.D.Wis. 1983).

7. The situation here is unlike that in *D.E. v. Department of the Navy, MSPB*, 721 F.2d 1165

(9th Cir.1983), where the *adjudicating entity itself* used a presumption. The Merit Systems Protection Board was found to have incorrectly used a presumption to establish a nexus between an employee's off-duty misconduct and his job performance.

8. Williams did not exhaust the collective bargaining agreement's arbitration procedures. He went to step 2 and then apparently abandoned his claim.

dismissed for cause. The Court agrees. Because Williams had not worked for the Postal Service for at least five years, he had no right to be assigned to lighter duty. *See* Article 13, Section 13.2 of the National Agreement; *see also Jackson v. United States Postal Service*, 666 F.2d 258 (5th Cir.1982).

Accordingly, the Court hereby grants the motion of the Defendants. This action is dismissed for failure to state a claim upon which relief can be granted.