**Gloria Jean HICKSON, Plaintiff,**

v.

**Ron BURKHART, Warden, etc., et al., Defendants.**

**Civ. A. No. 5:86–0533.**

United States District Court,
S.D. West Virginia,
Beckley Division.

Jan. 12, 1987.

Gloria Jean Hickson, pro se.

Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

In this civil action Gloria Jean Hickson primarily complains of having been denied release to a halfway house at what she believed to be the proper time during her incarceration in the federal prison system. Based on this alleged deprivation, she contends that her constitutional rights were violated. The Defendants have filed an answer and motion to dismiss. By Orders entered June 2, 1986, and July 24, 1986, the Court notified the *pro se* Plaintiff of her right to oppose the motion. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975).

Initially, the Court notes that the equitable relief requested by the Plaintiff is now a moot issue. The Court has been advised that the Plaintiff was released from the custody of federal officials on August 30, 1986. No longer being in the custody of those to whom she complains, her request for equitable relief is now moot. *Ross v. Reed,* 719 F.2d 689 (4th Cir.1983); *Inmates v. Owens,* 561 F.2d 560 (4th Cir.1977).

The Court noted in its initial Memorandum Opinion and Order of May 5, 1986, 110 F.R.D. 177, that this Plaintiff might have a cause of action against the federal officials under the doctrine of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The subsequent pleadings and evidence placed of record, however, demonstrate that the Plaintiff cannot make out a *Bivens*-type claim.

Whether the Plaintiff was one who qualified for release to a halfway house was solely in the discretion of the Bureau of Prisons officials. This discretion is delegated to those officials by the Attorney General. 28 C.F.R. §§ 0.95 and 0.96. As to the incarceration, classification and segregation of lawfully convicted prisoners, the Attorney General has complete and absolute discretion. 18 U.S.C. §§ 4081 and 4082. Consistent with this grant of discretion, inmates such as the Plaintiff have not been guaranteed by statute or regulation the right to early release or involvement in community-based programs. The mere hope of the Plaintiff for inclusion in a halfway house program does not implicate constitutionally protected liberty interests. *Pugliese v. Nelson,* 617 F.2d 916 (2d Cir.1980). Therefore, by denying the Plaintiff placement in a halfway house,* the named Defendants did not violate any constitutionally protected rights enjoyed by the Plaintiff.

---

* The record reflects that the Plaintiff was placed in a halfway house and then removed shortly thereafter as a program failure.

357

■ The Court further opined in its May 5, 1986, Order that the Plaintiff could conceivably have a cause of action under the Federal Tort Claims Act for negligent acts or omissions on the part of federal officials. The Court also noted, however, that exhaustion of the appropriate administrative remedies was a prerequisite to filing suit under the Act. The affidavit of David R. Essig, Regional Counsel for the Northwest Region of the Federal Bureau of Prisons, establishes that the Plaintiff has not availed herself of the administrative route.

For the foregoing reasons, the Court finds that the more specifically stated demands of the Plaintiff fail to state a claim for which relief can be granted. An appropriate order will issue dismissing this action from the docket of the Court.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the *pro se* Plaintiff at her last known address.