838 F.2d 1209
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gloria Jean HICKSON, Plaintiff-Appellant,
v.
Ron BURKHART, Individually and in his capacity as Warden of
the Federal Correctional Institution, Alderson, West
Virginia, and Suzanne Knight, Individually and in her
capacity as Associate Warden of the Federal Correctional
Institution, Alderson, West Virginia, Defendants-Appellees.
 No. 87-6025.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 30, 1987.
Decided: Feb. 1, 1988.
 
 Gloria Jean Hickson, appellant pro se.
 Marye Louise Wright, for appellees.
 Before WIDENER, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gloria Hickson, a federal inmate at the time this action was filed, appeals the district court's dismissal of her complaint for failure to state a claim for relief.
 
 
 2
 Hickson originally filed this complaint against the Warden and Assistant Warden of the Federal Correctional Institution at Alderson, West Virginia, asserting that she was denied release to a halfway house. Hickson requested declaratory, injunctive and monetary relief. The district court informed Hickson that her allegations might state a claim for relief under 28 U.S.C. Sec. 1331, the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2241, or 28 U.S.C. Sec. 1361; however, she needed to specify which remedy she wished to pursue and provide factual allegations to support her claim. The defendants answered Hickson's complaint, denying that she had any constitutional right to be placed in a halfway house but asserting that she had been transferred to such a facility. Subsequently, Hickson filed a letter with the court indicating that she had been removed from the halfway house as a program failure and returned to jail after four marijuana butts and a $10.00 novelty bill were found in her room. Hickson alleged that she "was told by the U.S. Marshalls [sic] that they (Bureau of Prison) are going to take 60 days of my good days."
 
 
 3
 Hickson's claim that her constitutional rights were violated because she was denied release to a halfway house is without merit. The mere hope or desire to be transferred to a halfway house is insufficient to establish a constitutionally protected liberty interest. Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir.1980). Accordingly, we affirm that portion of the district court's decision.
 
 
 4
 Hickson asserts that her release date was moved from May 3, 1986 to June 26, 1986 and then to August 30, 1986 without a hearing. The exhibits submitted by Hickson indicate that her two-thirds release date was May 3, 1986. The record also reveals that Hickson was not released until August 30, 1986.
 
 
 5
 A liberty interest in a particular release date may be established upon a showing that the applicable statute or regulation "creates a presumption that parole release will be granted ... absent the requisite finding that one of the justifications for deferral exists." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 12 (1978). See also Board of Pardons v. Allen, 55 U.S.L.W. 4799 (U.S. June 9, 1987) (No. 86-461). Section 4206(d) of Title 18 provides that:
 
 
 6
 Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.
 
 
 7
 Under the terms of this statute, Hickson has a protected liberty interest in her two-thirds release date.
 
 
 8
 Because the court failed to address Hickson's allegation that her two-thirds release date was retarded and her good time credits were taken without the proper due process protection, we remand the case to the district court. On remand, the district court should afford Hickson a reasonable opportunity to determine the proper parties against whom the claims may be asserted. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978).
 
 
 9
 We express no opinion as to the merits of Hickson's claims. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 10
 AFFIRMED IN PART VACATED IN PART AND REMANDED.