Stephen G. THOMAS, Plaintiff,

v.

SHONEY'S INC. D/B/A Captain D's,
a corporation, Defendant.

Civ. A. No. 2:93–0701.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 3, 1994.

Theodore R. Dues, Jr., Charleston, WV, for plaintiff.

Roger A. Wolfe, Jackson & Kelly, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Motion for Summary Judgment of the Defendant, Shoney's Inc. The Plaintiff, Stephen G. Thomas, has not filed a response or otherwise replied to Defendant's motion.[1]

---

1. Rule 2.03 of Rules of Practice and Procedure for this District requires, "Memoranda and other matter in opposition to motions shall be submitted to the Clerk, with copies also submitted to the assigned judge and served on opposing counsel or parties entitled thereto within fourteen days from the date of service of the motion." The Plaintiff has failed to respond although over one month has passed since the filing of Defendant's motion on January 25, 1994.

## I.

## BACKGROUND

Plaintiff filed his complaint against the Defendant in the *Circuit Court of Kanawha County* on July 14, 1993, alleging Defendant illegally conspired to terminate his employment due to his race, failed to provide a workplace free from harassment, and conspired to defame him. On August 6, 1993, Defendant removed the action to this Court based upon 28 U.S.C. § 1332(a).[2] Defendant filed its motion for summary judgment on January 26, 1994, contending no issue of material fact exists and it is entitled to judgment as a matter of law. The Court concurs.

■ The uncontroverted facts as presented by the Defendant are as follows.[3] The Plaintiff, an assistant manager of a restaurant owned by the Defendant, contended in deposition testimony that a restaurant employee had told him the restaurant manager had schemed to terminate his employment.[4] Plaintiff contended a female restaurant employee informed him the manager had hired her to "set up" Plaintiff for a charge of sexual harassment, so that the manager would have a legitimate reason for terminating Plaintiff's employment.[5] Plaintiff also contended that a different restaurant employee, whose name he could not remember, told him the manager had made racially derogatory comments about Plaintiff on several occasions.[6] Plaintiff stated he had no other reason to believe the manager's alleged scheme was racially motivated. Plaintiff admitted he had not been accused of sexual harassment at the restaurant and that he had not been terminated from his employment.[7]

The standard used to determine whether a motion for summary judgment should be granted or denied was most recently stated by our Court of Appeals as follows:

> "A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

> "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248[, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). In considering a motion for summary judgement, the court is required to view the facts and

---

**2.** Defendant asserted that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $50,000.00.

**3.** In this case the Plaintiff has not responded to the Defendant's motion. Failure to respond, however, does not relieve the Court of its duty to examine the merits of Defendant's legal arguments. In *Custer v. Pan American Life Insurance Company,* 12 F.3d 410, 416 (4th Cir.1993), the Court recognized that although the facts expressed by the moving party may be uncontroverted, the court yet has a duty to determine whether judgment as a matter of law is warranted:

> "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether

the moving party is entitled to summary judgment as a matter of law. This duty of the court is restated in section (e) of the rule, providing, 'if the adverse party does not so respond, summary judgment, *if appropriate,* shall be entered against the adverse party.' Fed.R.Civ.P. 56(e) (emphasis added)."
*See Lovejoy v. Saldanha,* 838 F.Supp. 1120, 1121 n. 1 (S.D.W.Va.1993) (Haden C.J.).

**4.** The Plaintiff is an African–American. The race of the restaurant manager is unclear from the record.

**5.** Curiously, it should be noted Plaintiff's wife was also employed at the restaurant.

**6.** Plaintiff could not remember the circumstances where the comments were allegedly made, but remembered the employee told him the word "nigger" had been used by the manager in reference to Plaintiff.

**7.** Plaintiff remained as the assistant manager of Defendant's restaurant at the time the deposition testimony was taken.

draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255[, 106 S.Ct. at 2513]. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* [498 U.S. 1109,] 111 S.Ct. 1018[, 112 L.Ed.2d 1100] (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325[, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265] (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248[, 106 S.Ct. at 2510]. A mere scintilla of evidence supporting the case is insufficient. *Id.*" *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994).

## II.

### LEGAL DISCUSSION

■ Plaintiff's cause of action arose under the West Virginia Human Rights Act, W.Va. Code § 5–11–9(1) (1992). That provision makes it an unlawful discriminatory practice, "[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment[.]" The West Virginia Supreme Court of Appeals has held that the evidentiary standards under the West Virginia Human Rights Act are identical to those for Title VII of the Federal Civil Rights Act.[8] *Heston v. Marion County Parks & Recreation Commission,* 181 W.Va. 138, 381 S.E.2d 253, 256 (1989) *(per curiam).* See *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n,* 172 W.Va. 627, 637–38, 309 S.E.2d 342, 351–52 (1983).

The Supreme Court of the United States held in *Patterson v. McLean Credit Union,* 491 U.S. 164, 180, 109 S.Ct. 2363, 2374, 105 L.Ed.2d 132, 152–53 (1989), that racial harassment in the workplace,

"is actionable under … Title VII of the Civil Rights Act of 1964.… which makes it unlawful for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment.' 42 U.S.C. § 2000e–2(a)(1). Racial harassment in the course of employment is actionable under Title VII's prohibition against discrimination in the 'terms, conditions or privileges of employment.'

\*    \*    \*    \*    \*    \*

"[W]e implicitly have approved [the view that harassment on the basis of race is an unlawful employment practice in violation of § 703 of Title VII of the Civil Rights Act] in … *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65–66, 106 S.Ct. 2399, 2404–05, 91 L.Ed.2d 49 (1986)."

The Supreme Court went on to state the evidentiary standard racial harassment claims must meet to be actionable under Title VII is as follows:

"As we said [*Meritor* ], 'harassment [which is] sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment," ' *id.,* at 67 (citation omitted), 106 S.Ct., at 2405, is actionable under Title VII because it 'affects a "term, condition, or privilege" of employment,' *ibid.*" 491 U.S. at 180, 109 S.Ct. at 2374, 105 L.Ed.2d at 153.

Thus, it seems clear that to be actionable under either W.Va.Code § 5–11–9(1) or Title VII, racial discrimination must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.[9]

---

**8.** It should be noted that the West Virginia Code of State Rules outlines conditions for finding the existence of religious (W.Va.C.S.R. § 77–3–4) and sexual harassment (W.Va.C.S.R. § 77–4–2), but does not define racial harassment.

The West Virginia Supreme Court has not had occasion to rule directly upon a racial harassment claim under W.Va.Code § 5–11–9(1). *But Cf., Syllabus* point 2, *Curry v. Gatson,* 180 W.Va. 272, 376 S.E.2d 166 (1988) (Racial harassment

provides "good cause" for the harassed to voluntarily terminate employment for the purposes of W.Va.Code § 21A–6–3(1), so as to make the person harassed eligible for unemployment compensation benefits).

**9.** In *Wall v. AT & T Technologies, Inc.,* 754 F.Supp. 1084, 1091 (M.D.N.C.1990) *appeal denied,* 931 F.2d 888 (4th Cir.1991), the Court stated:

More recently, the Supreme Court elaborated on the standards articulated in *Patterson, supra*, and *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), in *Harris v. Forklift Systems, Inc.*, —— U.S. ——, ——, 114 S.Ct. 367, 370–71, 126 L.Ed.2d 295, 301–03 (1993), stating:

"When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' [*Meritor*, ] 477 U.S., at 65, 106 S.Ct., at 2405, that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' *Id.*, at 67, 106 S.Ct., at 2405 (internal brackets and quotation marks omitted), Title VII is violated.

"This standard ... takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury. * * * Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment— an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview.

\* \* \* \* \* \*

"One court has 'identified two requisite elements for a racially hostile work environment claim: "repeated racial slurs and management's tolerance and condonation of the situation." ' *Davis [v. Monsanto* ], 858 F.2d [345], 349 [ (6th Cir.1988) ] (*quoting Erebia v. Chrysler Plastics Products Corp.*, 772 F.2d 1250, 1256 n. 1 (6th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986)). * * * *See White [v. Federal Express Corp.*], 729 F.Supp. [1536], 1555 [ (E.D.Va.1990) *aff'd*, 939 F.2d 157 (4th Cir.1991) ] ('The term environment is one of inclusion; it includes the entire universe of plaintiffs' relations with the employer.'). In order to show racial harassment [Plaintiff] must prove 'the alleged conduct constituted an unreasonably abusive work-related environment or adversely affected the reasonable employee's ability to do his or her job.' *Davis*, 858 F.2d at 349. She need not create a common link between the [racially derogatory] comments in order to demonstrate a racially discriminatory environment."

**10.** Prior to the Supreme Court's decision in *Harris*, a South Carolina district court in *Hampton v. Conso Products, Inc.*, 808 F.Supp. 1227, 1236 (D.S.C.1992), enunciated a framework for discerning a *prima facie* case of "hostile work environment:"

"[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." [10]

## III.

### APPLICATION OF THE LAW TO THE FACTS

▌ Despite the benefit of all reasonable inferences, Plaintiff has failed to meet the foregoing standard. Plaintiff has not shown the conditions of his employment were altered in any way. Nor has he shown he was subjected to an abusive or hostile working environment. Plaintiff has shown only that he heard from others his manager made several racially derogatory comments about him.[11] There is no evidence the alleged comments were made with any frequency or severity. Nor is there any evidence that the alleged racial comments of the manager were

"In a Title VII action alleging harassment in the form of a hostile work environment the plaintiff *must make a prima facie* showing of the following:

"1) the employee was subject to unwelcome harassment in a work related setting;

"2) the harassment complained of was based on race, sex, religion, or national origin;

"3) the harassment, viewed from both a subjective and objective perspective, was so severe and pervasive that it affected a term, condition, or privilege of employment; and

"4) the employer either knew or should have known of the harassment and took no remedial action."

*See also* concurring opinion of Justice Ginsburg in *Harris, supra*, —— U.S. at ——, 114 S.Ct. at 372, 126 L.Ed.2d at 304 ("It suffices to prove that a reasonable person subjected to the discriminatory conduct would find ... that the harassment so altered working *conditions to* 'ma[k]e it more difficult to do the job.' " *citing, Davis v. Monsanto Chemical Co.*, 858 F.2d 345, 349 (6th Cir.1988), *cert. denied*, 490 U.S. 1110, 109 S.Ct. 3166, 104 L.Ed.2d 1028 (1989)).

**11.** If other evidence of harassment was elicited in discovery responses, this Court has been unable to isolate and specify it because Plaintiff failed to respond to Defendant's motion.

linked to the alleged scheme to terminate Plaintiff's employment. Moreover, there is no evidence that those comments, not made directly to the Plaintiff, interfered with Plaintiff's work performance, or that he found them, however despicable, physically threatening or humiliating.

Because the Plaintiff has failed to respond to Defendant's motion for summary judgment, it is clear that there are no material facts in dispute. The party opposing a motion for summary judgment motion must present more than "a mere scintilla of evidence[,]" and "he may not rest upon mere allegations[.]" *Shaw v. Stroud, supra.* In this case the Plaintiff is resting upon mere allegations and has not presented anything more than the merest scintilla of evidence in support of his contentions. Moreover, as a matter of law, it is the opinion of this Court that the comments alleged by the Plaintiff do not, on an objective level, rise to the level of severe or pervasive, and, upon the evidence of record, have not created an abusive working environment or altered the Plaintiff's work environment in such a way as to withstand the Defendant's motion for summary judgment.[12]

### IV.

### CONCLUSION

Based upon the foregoing, the Defendant's motion for summary judgment is **GRANTED.** The Court **ORDERS** that the Defendant's motion for summary judgment is granted and that this action is dismissed and stricken from the docket of the Court.

---

**12.** Although vague, Plaintiff's complaint also alleges that the Defendant conspired to defame him by falsely imputing unbecoming conduct to him. To succeed in an action for defamation under West Virginia law, a plaintiff must meet the standard enunciated in *Syllabus* point 1 of *Crump v. Beckley Newspapers, Inc.,* 173 W.Va. 699, 320 S.E.2d 70 (1983):

"1. The essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury."

*Accord, Syllabus* point 5, *Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n,* 190 W.Va. 214, 438 S.E.2d 6 (1993). Plaintiff has failed to contend or show the alleged conspiracy to defame was published to a third person, or that he received any injury.