**Charles E. HURT and Carolyn Hurt, Plaintiffs,**

v.

**UNITED STATES of America (COMMISSIONER OF INTERNAL REVENUE), Defendant.**

**No. 2:95–0075.**

United States District Court, S.D. West Virginia, Charleston Division.

June 21, 1995.

Charles E. Hurt, Charleston, WV, for plaintiffs.

Gerald A. Role, U.S. Dept. of Justice, Washington, DC, Rebecca A. Betts, U.S. Atty., Gary L. Call, Asst. U.S. Atty., Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Government's motion to dismiss. The plaintiffs, Charles and Carolyn Hurt, have responded, the Government has replied and plaintiffs have surreplied.[1] The matter is ripe for adjudication.

### I.

In their complaint, plaintiffs seek injunctive and monetary damages. They allege the Commissioner of the Internal Revenue Service ("IRS") has engaged in a pattern of harassment against them in retaliation for Mr. Hurt's representation of clients in civil actions initiated against the IRS in 1973. Complaint at ¶ III. Plaintiffs contend the IRS has audited their tax returns each year from 1973 to the present. *Id.* Plaintiffs also assert the IRS illegally applied a payment made by them to their tax debt owed for tax year 1986 rather than 1993, even though their tax debt for 1986 has been satisfied. *Id.* at ¶¶ IV to VI.[2] Plaintiffs seek monetary damages under Section 7605 of the Internal Revenue Code and the Fourth and Fifth Amendments to the *U.S. Constitution. Id.*

---

1. As the Government points out in its motion to strike plaintiffs' motion to compel, "[r]esponses to reply memoranda are not contemplated by the Local Rules." *Local Rule of Civil Procedure* 4.01(c) permits a response to a motion to be filed within fourteen days of the motion, and a reply to the response to be filed within seven days of the response. The Local Rules do not address the propriety of surreplies or surresponses. The Court need not address the propriety of such memoranda beyond admonishing counsel to brief their cases fully in the pleadings permitted as of right. In certain extraordinary cases rebuttal arguments may be appropriate outside the pleadings permitted as of right, but counsel should move the Court for permission to file extra pleadings and explain why they were unable to brief the issues of the case fully in the pleadings permitted.

2. The Government admits the payment was erroneously applied to tax year 1986 instead of tax year 1993. Had the payment been applied to their tax debt for tax year 1993, plaintiffs contend their debt for 1993 would have been satisfied. Instead, because the payment was erroneously applied to the wrong year, plaintiffs have been assessed interest and penalties on their 1993 taxes. Complaint at ¶¶ IV to VI.

**250**

at ¶ III, VIII. Plaintiffs also request an injunction to prevent Government from assessing or claiming taxes from them for tax years 1986 and 1993. *Id.* at ¶ VIII.

## II.

■ Defendants argue plaintiffs may not seek injunctive relief to restrain assessment or collection of taxes because such relief is barred pursuant to the Anti–Injunction Act, 26 U.S.C. § 7421 (1988), that states, in pertinent part:

"Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

Plaintiffs do not advance any of the enumerated exceptions to the Anti–Injunction Act's prohibitions, but rely on four cases they contend stand for the proposition "where there is a realistic basis for damages asserted by plaintiff, this statute does not apply." Plaintiffs' Response at 1.

The cases cited by plaintiffs are easily distinguishable from the instant action. Neither *United States v. Fensterwald,* 553 F.2d 231 (D.C.Cir.1977) nor *Pacific Mills v. Kenefick,* 99 F.2d 188 (1st Cir.1938) address an Anti–Injunction Act defense. In *Linn v. Chivatero,* 714 F.2d 1278 (5th Cir.1983) "the primary dispute ... concern[ed] the unlawful retention of ... records." *Id.* at 1283. No challenge was made to "the propriety of any tax that may be assessed against [the plaintiff]." *Id.* The Court noted that restraint of a tax assessment was not the purpose of the injunction sought. *Id.* at 1284. The Court declined to apply the Anti–Injunction Act to the request for return of seized records and did not find the records suppressible as the fruit of the poisonous tree although it found the records had been unlawfully seized. In

the instant case, plaintiffs clearly are challenging the propriety of the IRS' assessment of taxes against them in 1986 and 1993.[3] *Linn* is inapposite.

Lastly, plaintiffs cite the unpublished case of *The Founding Church of Scientology of Washington, D.C., Inc. v. Director, F.B.I.,* 1984 WL 278 (D.D.C.1984).[4] As in *Linn, supra,* the *The Founding Church of Scientology* case turned on the fact the defense presented no evidence the plaintiff's "lawsuit is in any way related to taxes." *Id.* at *2. The Court declined to apply the Anti–Injunction Act because the Defendant therein did "not directly challenge plaintiff's assertion that its motivations are entirely unrelated to taxes[.]" *Id.* Here, the Government has challenged the plaintiffs' motivations directly and plaintiffs explicitly aver they seek to challenge the imposition of taxes for the tax years 1986 and 1993. *The Founding Church of Scientology,* too, is inapposite to the instant facts.

The leading case concerning the Anti–Injunction Act is *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Therein the Court stated the purpose of the Anti–Injunction Act as follows:

"The Anti–Injunction Act apparently has no recorded legislative history, but its language could scarcely be more explicit—'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court ...' The Court has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.' *Enochs v. Williams Packing & Navigation Co.,* [370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).]

---

3. Complaint at ¶ VIII ("[T]he plaintiffs pray that the defendant, Commissioner of Internal Revenue, be enjoined and restrained from claiming or assessing any taxes against the plaintiffs for the year 1986 and for the year 1993[.]").

4. Plaintiffs refer to 54 A.F.T.R.2d 84–5063. The Court has been unable to locate a case with that citation and plaintiffs have failed to supply the Court with a copy of the unpublished case. Nonetheless, through independent research, the Court has located what may be the case referred to by the plaintiffs.

(footnote omitted)." *Id.*, 416 U.S. at 736–37, 94 S.Ct. at 2046, 40 L.Ed.2d at 509.

It is clear the primary purpose of plaintiffs' requested injunctive relief is to prevent the assessment and collection of taxes for the tax years 1986 and 1993. Injunctive relief is barred by the Anti–Injunction Act, and the Government's motion in that regard is **GRANTED.**[5]

### III.

 The Government has moved also to dismiss plaintiffs' complaint for failure to state claims pursuant to *Federal Rule of Civil Procedure* 12(b)(6). As stated by the Court of Appeals:

> "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied sub nom., American Home Products Corp. v. Mylan Laboratories, Inc.,* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

Moreover,

> "In light of the standard of review, . . . even poorly drafted complaints [are to be viewed] in a light most favorable to the plaintiff: . . . a Rule 12(b)(6) motion should be granted only in very limited circumstances. The Supreme Court has explained that '[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' * * * 'a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief un-

der any state of facts which could be proved in support of his claim.' *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989) (citation omitted) (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and *Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir.1969))." *Id.* at 1134, n. 4.

*Accord Simmons v. Charleston Housing Authority,* 881 F.Supp. 225, 227–28 (S.D.W.Va. 1995); *Erickson v. Erickson,* 849 F.Supp. 453, 455 (S.D.W.Va.1994) (Haden, C.J.). *See Ridgeway Coal Co., Inc. v. FMC Corp.,* 616 F.Supp. 404, 406–07 (S.D.W.Va.1985) (Haden, C.J.), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### IV.

 Plaintiffs seek relief for the following: "great time and expense, mental anguish, aggravation, annoyance and inconvenience[.]" Complaint at ¶ VII. As the Government argues, such claims are actionable only under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Plaintiffs contend they need not follow the strictures of the FTCA because,

> "[P]laintiff, Charles Hurt, has been complaining about the harassing and retaliatory audits for years, written letters to the District Director and the Commissioner of Internal Revenue herself and the only action taken was a letter of apology from the district director and even that letter was directed to Congressman Wise, rather than plaintiff himself." Plaintiffs' Response to Defendant's Reply at 3.

Plaintiffs cite no law to support their contention the FTCA should not apply to their case.

This Court recently addressed the prerequisites of a tort claim against the Government in *Bellomy v. United States,* 888 F.Supp. 760, 763 (S.D.W.Va.1995) (Haden, C.J.):

> "As sovereign, the federal government is immune from suit unless it consents to be

---

**5.** The Court notes plaintiffs' Complaint asserts they have had their tax returns audited for over twenty consecutive years. Plaintiffs have not sought to enjoin future auditing of their returns by the IRS. The Court expresses no opinion on whether a suit to enjoin such auditing practices would be barred by the Anti–Injunction Act.

sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Gould v. United States Dep't of Health and Human Servs.,* 905 F.2d 738, 741 (4th Cir.1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991); *Muth v. United States,* 804 F.Supp. 838, 843 (S.D.W.Va.1992) (Haden, C.J.), *aff'd,* 1 F.3d 246 (4th Cir.1993). The Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), creates a limited waiver of sovereign immunity. This limited waiver of sovereign immunity is subject to the prerequisite that the tort claim first be submitted to the appropriate federal agency within two years of accrual of the cause of action and that there be a final denial of the claim by the reviewing agency. Title 28 U.S.C. §§ 2401(b), 2675; *Gould, supra, citing West v. United States,* 592 F.2d 487, 492 (8th Cir.1979); *Kielwien v. United States,* 540 F.2d 676, 679 (4th Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976)."

Plaintiffs have not met the jurisdictional prerequisites to bring a tort claim against the Government in this Court. *See Bellomy, supra; Hickson v. Burkhart,* 651 F.Supp. 355, 357 (S.D.W.Va.1987) (Haden, C.J.), *aff'd in part and vacated in part on other grounds,* 838 F.2d 1209 (4th Cir.1988) (Table); *Harding v. United States Postal Serv.,* 618 F.Supp. 1330, 1330 (S.D.W.Va.1985) (Haden, C.J.), *aff'd,* 802 F.2d 766 (4th Cir.1986). The Government's motion to dismiss the tort claims is **GRANTED;** the plaintiffs' tort claims are **DISMISSED WITHOUT PREJUDICE.**

## V.

■ The parties have addressed whether the plaintiffs claims are actionable under the standard set by the Supreme Court in *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 392, 91 S.Ct. 1999, 2002, 29 L.Ed.2d 619, 624 (1971), where the Court stated:

"An agent acting—albeit unconstitutionally—in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own. * * * '[W]here federally protected rights have

been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' *Bell v. Hood,* 327 U.S. [678,] 684, 66 S.Ct. [773,] 777, [90 L.Ed. 939 (1946) ] (footnote omitted)[.]"

Moreover,

"Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty. * * * '[I]t is * * * well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such an invasion, federal courts may use any available remedy to make good the wrong done.' *Bell v. Hood,* 327 U.S., at 684, 66 S.Ct., at 777, [90 L.Ed. at 944] (footnote omitted)." *Id.,* 403 U.S. at 395–96, 91 S.Ct. at 2004, 29 L.Ed.2d at 626.

The Government argues plaintiffs have not set forth the act or acts violative of their constitutional or statutory rights. The Court disagrees. Plaintiffs allege a pattern of retaliatory and harassing auditing and crediting practices used by the IRS against them. This is sufficient to withstand a motion to dismiss the *Bivens* claim. *See Mylan Laboratories, Inc. v. Matkari,* 7 F.3d at 1134. The Government's motion to dismiss plaintiffs' *Bivens* cause of action is **DENIED.**

## VI.

Based upon the foregoing, the Government's motion to dismiss plaintiffs' action for injunctive relief is **GRANTED;** the Government's motion to dismiss plaintiffs' tort claims is **GRANTED** and those claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and the Government's motion to dismiss plaintiffs' cause of action based upon *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, supra,* is **DENIED.**