**Almond L. McCOY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants.**

**Civ. A. No. 6:94–0959.**

United States District Court, S.D. West Virginia, Parkersburg Division.

July 6, 1995.

---

8.  The Court **DENIES** UPS' motion to strike affidavits.

**530**

David G. Hanlon, Harrisville, WV, for plaintiff.

Carol A. Casto, Asst. U.S. Atty., Charleston, WV, for U.S. defendants.

William D. Esbenshade, Jackson & Kelly, Charleston, WV, for defendant Met Life.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are the motions by Defendants United States Postal Service and United States Office of Personnel Management Retirement Programs to dismiss or, alternatively, for summary judgment and the motion of Defendant Metropolitan Life Insurance Company ("MetLife") for summary judgment. Plaintiff has declined to respond[1] to either motion although the response period has lapsed.[2] After careful consideration of the merits of each motion, the Court concludes, for the reasons that follow, both motions should be granted.

### I.

Plaintiff initiated this action in the Circuit Court of Wood County, West Virginia. The action then was removed to this Court seasonably. Plaintiff's complaint stems from a group life insurance plan in which he elected to participate while employed by the United States Postal Service ("USPS"). Apparently, the USPS made insurance premium payments on behalf of the Plaintiff but failed to deduct those premiums from Plaintiff's salary as he requested. Plaintiff was informed of the Government's administrative error when his retirement was processed in 1993. Plaintiff filed a "request for waiver of claim for erroneous payment of pay" in June of 1993. On March 28, 1994 the United States Office of Personnel Management Retirement Programs ("OPM") denied Plaintiff's request. The OPM then began deducting $374.55 per month from Plaintiff's annuity payments to cover the amount of the premium for the life insurance coverage. MetLife's Memoran-

---

1. In this case the Plaintiff has not responded to the Defendants' motions. Failure to respond, however, does not relieve the Court of its duty to examine the merits of Defendant's legal arguments. In *Custer v. Pan American Life Insurance Company*, 12 F.3d 410, 416 (4th Cir.1993), the Court recognized that although the facts expressed by the moving party may be uncontroverted, the court yet has a duty to determine whether judgment as a matter of law is warranted:

   "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law. This duty of the

   court is restated in section (e) of the rule, providing, 'if the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party.' Fed.R.Civ.P. 56(e) (emphasis added)."
   See *Cornell v. General Electric Plastics*, 853 F.Supp. 221, 223 n. 3 (S.D.W.Va.1994) (Haden, C.J.); *Thomas v. Shoney's, Inc.*, 845 F.Supp. 388, 389 n. 3 (S.D.W.Va.1994); *Lovejoy v. Saldanha*, 838 F.Supp. 1120, 1121 n. 1 (S.D.W.Va.1993) (Haden C.J.).

2. Pursuant to *Local Rule of Civil Procedure* 4.01(c), responses to motions "shall be filed with copies delivered to the assigned judicial officer and served upon opposing counsel and unrepresented parties *within 14 days from the date of service of the motion.*" (emphasis added). The Government's motion was filed with the Court on April 20, 1995. MetLife's motion was filed with the Court on May 22, 1995. Plaintiff has not responded to either motion. Moreover, Plaintiff's counsel declined without explanation to the Court to attend the pretrial conference scheduled for July 3, 1995.

dum, Exhibit 4. Plaintiff brought the instant action October of 1994.

## II.

■ MetLife contends it has never received premium payments from the Plaintiff. As explained in the affidavit of Joseph G. Zulli, MetLife's Director of the Office of Federal Employees' Group Life Insurance, MetLife does not receive employee premiums until the covered employee has died. Met-Life's Motion at exhibit 5. Until the time the employee dies, the premiums are collected, invested, and administered by various agencies of the federal government. *Id.* MetLife argues it has not received any premiums for Plaintiff's coverage because he is still living and that any premiums so collected have been administered by OPM. MetLife contends Plaintiff's complaint against it for negligence has no factual basis.

MetLife has presented evidence no factual basis exists for Plaintiff's complaint of negligence against it. Plaintiff has not responded to MetLife's motion or otherwise presented evidence of a factual basis for his negligence claim. The Court therefore **GRANTS** Met-Life's motion for summary judgment.[3]

## III.

■ Alternatively, USPS and OPM have moved for dismissal or for summary judgment. They contend Plaintiff's action is barred because he has not filed and been denied relief in an administrative tort claim. As recognized by this Court recently:

"As sovereign, the federal government is immune from suit unless it consents to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Gould v. United States Dep't of Health and Human Servs.,* 905 F.2d 738, 741 (4th Cir.1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991); *Muth v. United States,* 804 F.Supp. 838, 843 (S.D.W.Va.1992) (Haden, C.J.), *aff'd,* 1 F.3d 246 (4th Cir.1993). The Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), creates a limited waiver of sovereign immunity. This limited waiver of sovereign immunity is subject to the prerequisite that the tort claim first be submitted to the appropriate federal agency within two years of accrual of the cause of action and that there be a final denial of the claim by the reviewing agency. Title 28 U.S.C. §§ 2401(b), 2675; *Gould, supra, citing West v. United States,* 592 F.2d 487, 492 (8th Cir.1979); *Kielwien v. United States,* 540 F.2d 676, 679 (4th Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976)." *Bellomy v. United States,* 888 F.Supp. 760, 763 (S.D.W.Va. 1995) (Haden, C.J.), *accord Hurt v. United States,* 889 F.Supp. 248, 251 (S.D.W.Va. 1995) (Haden, C.J.).

---

3. The standard used to determine whether a motion for summary judgment should be granted or denied was stated by our Court of Appeals as follows:

"A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). In considering a motion for summary judgement, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at

255 [106 S.Ct. at 2514]. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* [498 U.S. 1109] 111 S.Ct. 1018 [112 L.Ed.2d 1100] (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]. A mere scintilla of evidence supporting the case is insufficient. *Id.*" *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 67, 130 L.Ed.2d 24, *and cert. denied,* — U.S. —, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994).

*Accord, Browning v. Snead,* 886 F.Supp. 547, 549 (S.D.W.Va.1995) (Haden, C.J.).

Plaintiff's complaint sounds in tort. Thus, the FTCA applies to this action. The USPS and OPM have submitted affidavits supporting their contention the Plaintiff failed to file an administrative tort claim against either defendant. Plaintiff has not responded or supplied any evidence to the contrary. Plaintiff has not met the jurisdictional prerequisites to bring a tort claim against the Government in this Court.[4] *See Hurt, supra; Bellomy, supra; Hickson v. Burkhart,* 651 F.Supp. 355, 357 (S.D.W.Va.1987) (Haden, C.J.), *aff'd in part and vacated in part on other grounds,* 838 F.2d 1209, 1988 WL 9565 (4th Cir.1988) (Table); *Harding v. United States Postal Serv.,* 618 F.Supp. 1330, 1330 (S.D.W.Va.1985) (Haden, C.J.), *aff'd,* 802 F.2d 766 (4th Cir.1986). The motions for summary judgment on behalf of the USPS and OPM are **GRANTED;** the complaint against the USPS and OPM is **DISMISSED WITHOUT PREJUDICE.**

### IV.

Based upon the foregoing, MetLife's motion for summary judgment is **GRANTED;** the USPS's and OPM's motion for summary judgment is **GRANTED WITHOUT PREJUDICE.** Plaintiff may file an administrative tort claim with the USPS or OPM if not barred by the limitation period. Then, if a valid administrative tort claim is denied, this cause of action may be refiled in this Court pursuant to the FTCA.

---

4. The Government moved to require Plaintiff to submit a more definite statement of his cause of action previously and the Court granted the motion. In his response, the Plaintiff asserted he had exhausted his administrative remedies as required by the FTCA because his request for waiver of claim for erroneous payment of pay was denied and portions of his monthly annuity were being withheld. The Court notes the procedure for filing administrative tort claims against the USPS is outlined at 39 C.F.R. § 912, and the procedure used by the OPM is found at 5 C.F.R. § 177. Plaintiff has not submitted evidence he has exhausted the remedial procedure provided by either regulatory provision.