Clarence R. SOUTHERN,
et al., Plaintiffs,

v.

EMERY WORLDWIDE, A CF
Company, Defendant.

No. 2:90–1212.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 2, 1992.

Michael R. Crane, Forman, Kanner & Crane, Charleston, W.Va., George Zivkovich, Myers & Zivkovich, Parkersburg, W.Va., for plaintiffs.

Gene W. Bailey, II, Jackson & Kelly, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion for summary judgment. The Court grants the Defendant's motion and ORDERS this action dismissed from the docket of the Court.

Under *Rule* 56(c), Federal Rules of Civil Procedure, summary judgment is proper only:

"[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v.*

*S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. As will become apparent, the Court has concluded summary judgment is appropriate.

The Plaintiffs Clarence R. Southern, David E. Lupardus, William A. Littner and James C. Lupardus, are former courier guard/driver employees of Emery Worldwide who were assigned to the terminal facility in Belpre, Ohio. The remaining five Plaintiffs are former Emery Worldwide courier guard/driver employees who were assigned to the Charleston, West Virginia, terminal.

By at least December of 1989, Emery Worldwide sought to minimize costs due to poor economic conditions. The decision was made to close the Belpre, Ohio, terminal and establish a "meet point" for conducting Emery Worldwide operations in Belpre, Ohio, and Parkersburg, West Virginia. Poor economic conditions continued and Emery Worldwide eliminated its "meet point" and contracted with an outside company to perform all remaining services in the Belpre, Ohio—Parkersburg, West Virginia, area. All Emery Worldwide operations ceased in this area resulting in the termination of Plaintiffs Southern, D. Lupardus, Littner and J. Lupardus effective May 18, 1990.

The Charleston terminal also suffered due to poor economic conditions and the decision was made by Emery Worldwide sometime in November, 1990, to contract out the Charleston, West Virginia, operations. All of the couriers at the Charleston terminal, including Plaintiffs Howard Bailes, Curtis Graley, Jerry Beach and Theodore Bowles, were discharged effec-

tive December 15, 1990. Plaintiff Arij Pourfarhadi was terminated on August 12, 1990.

At the time of each Plaintiff's discharge, Emery Worldwide did not have a severance pay benefits plan in effect. By message dated May 3, 1990, Emery World-wide announced that effective May 7, 1990, no severance benefits would be paid to employees terminated for company convenience. For those employees terminated on or before May 6, 1990, severance benefits were available in a lump sum at termination. Since all of the Plaintiffs were terminated after May 7, 1990, Emery Worldwide has refused to pay the Plaintiffs severance benefits. No Emery Worldwide employee terminated after May 7, 1990, has received severance pay.

In the amended complaint, the Plaintiffs assert causes of action based upon state common law contract theory and the West Virginia Wage Payment and Collection Act, *W.Va.Code*, § 21-5-1, *et seq.* Plaintiffs additionally assert a cause of action based upon age discrimination in violation of the West Virginia Human Rights Act, *W.Va. Code*, § 5-11-1, *et seq.* Emery moves the Court for summary judgment on each asserted cause of action.

■ Initially Emery Worldwide asserts that the Plaintiffs' common law breach of contract claim and the Plaintiffs' claims under the West Virginia Wage Payment and Collection Act are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). An employee welfare benefit plan under ERISA is defined as

"Any plan, fund or program ... established or maintained by an employer ... to the extent such plan, fund or program is maintained for the purpose of providing for its participants ... through the purchase of insurance or otherwise (a) ... benefits in the event of unemployment...."

29 U.S.C. § 1002(1). ERISA explicitly provides that severance pay arrangements shall be treated as welfare plans rather than pension plans. 29 U.S.C. § 1002(2)(B). Likewise, the United States Court of Appeals for the Fourth Circuit has held that

severance pay plans are employee welfare benefit plans as defined under ERISA. *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir.1985), cert. denied, 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986). It is generally recognized that severance pay plans fall within the provisions of ERISA as "employee welfare benefit plans." *Anthuis v. Colt Industries Operating Corp.,* 789 F.2d 207 (3rd Cir.1986); *Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320 (2nd Cir.1985), affirmed, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir.1985). The severance pay plan that Emery Worldwide adopted is covered by ERISA.

■ Emery Worldwide's severance plan is an ERISA plan and the Plaintiffs' asserted causes of action based upon state common law and state statute are preempted by ERISA. The relevant preemption provision is as follows:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title...."

29 U.S.C. § 1144(a). State law contract and tort actions for benefits under employee welfare benefit plans are preempted by ERISA pursuant to this provision. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Both state law causes of action asserted by the Plaintiffs fall within ERISA preemption. The asserted cause of action under the West Virginia Wage Payment and Collection Act is simply an attempt to recover severance pay benefits under an ERISA controlled plan. In this situation, the mandates of ERISA apply. Likewise, the Plaintiffs' cause of action based upon state contract law is preempted since the asserted cause of action is again an attempt to recover benefits under an ERISA regulated severance plan. *Reichelt v. Emhart Corp.,* 921 F.2d 425 (2nd Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 2854, 115

L.Ed.2d 1022 (1991); *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d 659 (4th Cir.1986); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir.1985); *Dependhal v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir.), cert. denied, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981).

Since the asserted state law claims are preempted, the Court must address the Plaintiffs' claims for severance pay in light of the mandates of ERISA. Severance benefits are unaccrued, unvested benefits provided to employees upon their separation from employment. Since severance payments are unvested benefits, ERISA does not prohibit employer modification of these ancillary benefits. *Sutton v. Weirton Steel Div. of National Steel Corp.*, 724 F.2d 406, 410 (4th Cir.1983), cert. denied, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984). An employer enjoys the right to modify severance benefits unilaterally without violating the terms of ERISA.

This case presents the related question of whether an employer may eliminate severance benefits unilaterally without violating ERISA. This issue has already been answered in the affirmative "[b]ecause under ERISA, severance benefits are contingent and unaccrued, an employer may unilaterally amend or *eliminate* the provisions of a severance plan...." *Sejman v. Warner–Lambert Co., Inc.*, 889 F.2d 1346, 1348–49 (4th Cir.1989) (en banc) (emphasis added), cert. denied, — U.S. —, 111 S.Ct. 43, 112 L.Ed.2d 19 (1990). Emery Worldwide clearly enjoyed the unilateral right to eliminate any severance benefit program previously offered. Since there is no dispute that Emery Worldwide refused to pay severance benefits based upon the elimination of the severance benefits plan prior to each Plaintiff's termination, Defendant is entitled to summary judgment.

Plaintiffs' asserted cause of action based upon age discrimination also must fail. The parties concede that the following elements are essential for establishing a *prima facie* case of age discrimination:

"(1) That he or she is a member of a protected class;

(2) That the employer made an adverse decision concerning the plaintiff; and

(3) That, but for his or her protected status, the adverse decision would not have been made."

*Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986). The Defendant concedes that the first two factors have been met but asserts that Plaintiffs have failed to establish a *prima facie* case that but for their ages, they would not have been terminated from their employment.

Plaintiffs have wholly failed to adduce any evidence establishing that "but for" their age they would not have been terminated. The record clearly indicates that all of the job positions held by the Plaintiffs were eliminated by Emery Worldwide. Moreover, none of the Plaintiffs were replaced and to date, none of the eliminated jobs have been revived. Accordingly, Plaintiffs have failed to establish a prima facie case of age discrimination and the Court GRANTS Defendant's motion for summary judgment.

The Court ORDERS that the Defendant's motion for summary judgment is granted and that this action is dismissed and stricken from the docket of the Court.

The Clerk is directed to send a copy of this Order to counsel of record.