**Robert J. FOX, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Civ. A. No. 2:94–0060.**

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 20, 1994.

Richard A. Robb, Charleston, WV, for plaintiff.

Susan R. Snowden, Martin & Seibert, Martinsburg, WV, for defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. For reasons that follow, Defendant's motion for summary judgment is DENIED.

### I.

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett,* 477 U.S. 317,

324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The standard used to determine whether a motion for summary judgment should be granted or denied was stated recently by our Court of Appeals:

A moving party is entitled to summary judgment "if the pleading[s], depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994), *petition for cert. filed,* 63 USLW 3064 (June 30, 1994). *Accord Riffe v. Magushi,* 859 F.Supp. 220, 227 (S.D.W.Va.1994); *Cornell v. General Electric Plastics,* 853 F.Supp. 221, 225–26 (S.D.W.Va.1994); *Thomas v. Shoney's, Inc.,* 845 F.Supp. 388, 389–90 (S.D.W.Va.1994) (Haden, C.J.).

## II.

The material facts are undisputed. Plaintiff commenced this action in the Circuit Court of Kanawha County on December 13, 1993, alleging the Defendant violated the West Virginia Wage Payment and Collection Act. W.Va.Code § 21–5–1 *et seq.* Specifically, the Plaintiff alleged a violation of W.Va. Code § 21–5–3 (1979)[1] by deducting from the Plaintiff's wages overpayments of benefits previously paid to Plaintiff while he was on sick leave.

The Plaintiff was paid Social Security disability benefits concurrently with sick leave benefits payable under the Defendant's benefit plan. The Defendant eventually became aware of the dual payments and ceased payment from its welfare plan. Subsequent to the Plaintiff's return to work, the Defendant began deducting a portion of the Plaintiff's wages in order to recover the benefit overpayment made by the Defendant's employee benefit plan. The Plaintiff has not consented to the assignment of his wages and contends the deductions are prohibited by W.Va.Code § 21–5–3 without his permission.

The Defendant removed the case to this Court contending the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.,* preempted W.Va.Code § 21–5–3, and this Court had original jurisdiction over this case. Plaintiff moved to remand asserting his claim is one for a "wage assignment" and, as such, is not preempted by ERISA because it does not involve an "employee benefit plan." In a memorandum opinion of March 14, 1994, this Court concluded the case had been removed properly and that it has original jurisdiction. 1994 WL 409495 (1994).

The Defendant then moved to dismiss arguing the Plaintiff's cause of action under W.Va.Code § 21–5–3 is void through preemption under ERISA. 29 U.S.C. § 1144. The Plaintiff responded contending that W.Va. Code § 21–5–3 is not preempted by ERISA

---

**1.** The pertinent portion of W.Va.Code § 21–5–3 provides that "[n]o assignment of or order for future wages shall be valid for a period exceeding one year from the date of such assignment or order. Such assignment or order shall be acknowledged by the party making the same before a notary public or other officer authorized to take acknowledgments...."

and that the West Virginia statute expressly prohibits the Defendant's wage withholding. Both parties filed supplemental memoranda thereafter.

## III.

■ This case presents the Court with the unique question of whether ERISA preempts the West Virginia Wage Payment and Collection Act when an employee's wage is reduced by his employer to recover past overpayments made to him by an ERISA-governed employee welfare plan.[2] Whether West Virginia's procedure for wage assignment is preempted by ERISA is a question of federal law. *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 830, 108 S.Ct. 2182, 2186, 100 L.Ed.2d 836 (1988) (whether Georgia garnishment procedure is preempted by ERISA is a question of federal law).

ERISA's preemption provision, 29 U.S.C. § 1144, is very broad in scope. Section 1144 provides "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." *Id.* (emphasis added). "Congress used the words 'relate to' in § 514(a) [§ 1144(a)] in their broad sense." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2899–2900 (footnote omitted).

Through the breadth of the statute's language "ERISA makes clear that even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern." *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 525, 101 S.Ct.

1895, 1907, 68 L.Ed.2d 402 (1981). However, the Supreme Court has noted also that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983).[3] Additionally, "[i]f a State creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems." *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 19, 107 S.Ct. 2211, 2221, 96 L.Ed.2d 1 (1987) (footnote omitted).

Our Circuit Court of Appeals has employed several factors to determine whether a generally applicable state statute or common law "relates to" an ERISA-governed employee benefit plan. In *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140 (4th Cir.1985), *aff'd sub nom.*, *Brooks v. Burlington Industries, Inc.*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986), *cert. denied sub. nom, Slack v. Burlington Industries, Inc.*, 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986), the Fourth Circuit held that ERISA preempted the North Carolina Wage and Hour Act as it applied to severance pay. In examining whether the North Carolina statute "relates to" ERISA benefit plans, the Court found that the state law claims potentially could impose "conflicting employer obligations and variable standards of recovery. As in *Gilbert* [*Gilbert v. Burlington Industries, Inc.*, 765 F.2d 320 (2nd Cir.1985), *aff'd*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986) ], 'the state law claims ... would determine whether any benefits are paid, and directly affect the administration of benefits under the plan.' 765 F.2d at 327." *Holland*, 772 F.2d at 1147 (footnote omitted).

The Fourth Circuit applied the *Holland* factors again in *Pizlo v. Bethlehem Steel*

---

**2.** The Court was unable to locate any other case where an employee, after receiving an ERISA benefit, whether from an employee pension or welfare plan, returned to work and a regular wage.

**3.** Our Court of Appeals recently stated in *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554 (4th

Cir.1994), that "ERISA is concerned with state law doctrines that serve to modify a plan because such doctrines could destabilize the plan as well as subject it to conflicting state regulation. However, these concerns apply only where the potential modification is material." *Id.* at 559.

*Corp.*, 884 F.2d 116 (4th Cir.1989). In *Pizlo*, the Court determined that state law claims for breach of contract of employment, promissory estoppel, and negligent misrepresentation were not preempted by ERISA. The Court stated "[t]he claims here would not submit Bethlehem to 'conflicting employer obligations and variable standards of recovery', 'determine whether any benefits are paid' nor 'directly affect the administration of benefits under the plan.'" *Id.* at 120 (quoting *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir.1985).[4]

■■ The West Virginia Wage Payment and Collection Act as applied in this case to an employee's wage does not "relate to" an employee welfare benefit plan. The statutory requirement that the Plaintiff agree to any assignment of his wages by the Defendant does not expose the Defendant to "conflicting employer obligations and variable standards of recovery" throughout the nation. Application of the statute to the Plaintiff's wage does not "determine whether any benefits are paid" or "directly affect the administration of benefits."[5] The statute determines how the Defendant, as an employer, can pay and withhold from the Plaintiff's wage. Such regulation does not interfere with the governance of or benefit levels within the Defendant's employee welfare plan. Instead, the payment of wages is an area that the States have traditionally regulated. *Massachusetts v. Morash*, 490 U.S. 107, 119, 109 S.Ct. 1668, 1675, 104 L.Ed.2d 98 (1989).[6]

In support of its argument that application of W.Va.Code § 21–5–3 relates to the benefit plan, the Defendant relied on this Court's decision in *Southern v. Emery Worldwide*, 788 F.Supp. 894 (S.D.W.Va.1992) (Haden, C.J.), wherein a plaintiff's claim under the West Virginia Wage Payment and Collection Act to recover severance pay was preempted by ERISA. *Id.* at 896. The Defendant, however, has ignored this Court's later decision in *Tobin v. Ravenswood Aluminum Corp.*, 838 F.Supp. 262 (S.D.W.Va.1993) (Haden, C.J.), which distinguished *Emery* and noted that "ERISA does not preempt a state

---

4. *See United Wire, Etc. v. Morristown Mem. Hosp.*, 995 F.2d 1179 (3rd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 382, 126 L.Ed.2d 332 (1993), for an excellent discussion of the factors to be considered to determine whether a generally applicable state law "relates to" and ERISA employee benefit plan. The Court stated:

> A rule of law relates to an ERISA plan if it is specifically designed to affect employee benefit plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan. Because we are here dealing with a statute of general applicability ... which does not single out ERISA plans for special treatment, and which functions without regard to the existence of such plans, the cases which have cordoned off this area of presumption are inapplicable.
> This does not end [the] inquiry, however. A state rule of law may be preempted even thought it has no direct nexus with ERISA plans if its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing such rules would impair the ability of a plan to function simultaneously in a number of states.
>
> \* \* \* \* \* \*
>
> Where there is no direct nexus between a state statute and ERISA plans, no effect on the manner of such plans' conducting business or their ability to operate in interstate commerce, statutes have been upheld despite the fact that they

may have the indirect ultimate effect of increasing plan costs.
*Id.* at 1192–93 (footnotes omitted).

5. The Third Circuit also noted in *United Wire, Etc. v. Morristown Mem. Hosp.*, 995 F.2d 1179 (3rd Cir.1993) that

> [a] preemption provision designed to prevent state interference with federal control of ERISA plans does not require the creation of a fully insulated legal world that excludes these plans from regulation of any purely local transaction.
>
> \* \* \* \* \* \*
>
> In short, if ERISA is held to invalidate every State action that may increase the cost of operating employee benefit plans, those plans will be permitted a charmed existence that never was contemplated by Congress.
> *Id.* at 1193–94.

6. This Court also notes that Section 10 of the supplemental agreement covering Life and Disability Benefits Program vaguely states that "[i]f the employee fails to repay such amount of overpayment promptly, the corporation [GM], on behalf of the applicable benefit plan, shall *arrange* to recover the amount of such overpayment from any monies then payable." (Emphasis added). The employee benefit plan agreement provides no mechanism or procedure to govern such repayment. As an employer, the Defendant can arrange repayment within the confines of applicable, existing West Virginia law.

wage action for accrued vacation; such benefits are generally considered a part of *regular compensation,* rather than severance pay under ERISA." *Id.* at 272 (emphasis added) (citing *Massachusetts v. Morash,* 490 U.S. 107, 119–120, 109 S.Ct. 1668, 1675, 104 L.Ed.2d 98 (1989). This Court held that "[w]ith respect to fringe benefits, ERISA preemption is inapplicable and the West Virginia Wage Payment and Collection Act still applies." 838 F.Supp. at 272.

The ruling in *Tobin* is consistent with *Biggers v. Wittek Industries, Inc.,* 4 F.3d 291 (4th Cir.1993), in which the Court of Appeals explained its opinion in *Fraver v. North Carolina Farm Bureau Mutual Insurance Co.,* 801 F.2d 675 (4th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987), as holding that a pension plan was not covered by ERISA "[b]ecause *direct compensation,* not retirement income, was found to be involved." 4 F.3d at 298 (emphasis added). *Tobin* is also consistent with the regulations of the Secretary of Labor which state "the terms 'employee welfare benefit plan' and 'welfare plan' shall not include—(1) Payment by an employer of *compensation on account of work performed* by an employee." 29 C.F.R. § 2510.3–1(b)(1) (1993) (emphasis added).

The West Virginia Wage Payment and Collection Act defines wages to mean "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation [and] shall also include then accrued fringe benefits capable of calculation and payable directly to an employee." W.Va.Code § 21–5–1(c) (1989). *Tobin* held ERISA did not preempt the West Virginia Wage Payment and Collection Act as applied to accrued vacation benefits because such benefits are considered a part of regular compensation. Under the Defendant's argument the West Virginia Wage Payment and Collection Act would be preempted by ERISA with respect to the Plaintiff's regular compensation, but would not be preempted with respect to vacation benefits that are only a part of regular compensation. The Court disagrees. ERISA does not preempt W.Va.Code § 21–5–3 as it applies to an employee's regular compensation.

## IV.

The Defendant's motion for summary judgment is **DENIED.** ERISA does not preempt the application of the West Virginia Wage Payment and Collection Act to an employer's deduction from an employee's regular compensation to recoup past overpayments to the employee from an ERISA welfare plan.