**Joann HURST, Plaintiff,**

v.

**ST. MARY'S HOSPITAL OF HUNTINGTON, INC., Defendant.**

**Civ. A. No. 3:94–0115.**

United States District Court, S.D. West Virginia, Huntington Division.

Nov. 16, 1994.

---

Dwight J. Staples, Henderson, Henderson & Staples, Huntington, WV, for plaintiff.

Michael J. Farrell and Charlotte A. Hoffman, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion for summary judgment. Defendant contends Plaintiff has failed to make a *prima facie* case of either age or handicap discrimination. Defendant further argues several incidents of alleged discrimination are barred by the two

year statute of limitations. Plaintiff contends she has made a showing of both age and handicap discrimination sufficient to withstand the motion for summary judgment, and that her allegations of discrimination arising outside the two year limitation are actionable based upon the theory of "continuous violations."

The standard used to determine whether a motion for summary judgment should be granted or denied has been stated by our Court of Appeals:

"A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). In considering a motion for summary judgement, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255 [106 S.Ct. at 2513–14]. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* [498 U.S. 1109], 111 S.Ct. 1018 [112 L.Ed.2d 1100] (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]. A mere scintilla of evidence supporting the case is insufficient. *Id.*" *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994), *and cert. denied,* —

U.S. ——, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994).

*Accord Cornell v. General Electric Plastics,* 853 F.Supp. 221, 225–26 (S.D.W.Va.1994) (Haden, C.J.); *Thomas v. Shoney's Inc.,* 845 F.Supp. 388, 389–90 (S.D.W.Va.1994) (Haden C.J.). The Court has considered the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits furnished.

I.

## CONTINUOUS VIOLATION

Plaintiff filed her complaint on January 24, 1994. The parties concur the statute of limitations for these claims is two years. Plaintiff has identified eight instances of alleged discrimination. Six of the alleged discriminatory incidents occurred outside the limitation period. Defendant contends those six alleged incidents are time barred. Plaintiff asserts they are not time-barred because they constitute a "continuous violation" of discrimination laws.

■■■ Plaintiff is correct in asserting that a "continuous violation" may toll the limitation period. A continuous violation occurs most often where an employer's conduct constitutes systematic discrimination through a pattern of discrimination over time. For example, a continuous violation will occur in cases where an employee has been discriminated against in regard to pay. In those cases, the violation continues with the payment of each paycheck. *Bazemore v. Friday,* 478 U.S. 385, 395–97, 106 S.Ct. 3000, 3006–07, 92 L.Ed.2d 315 (1986).

■■■ On the other hand, "isolated and completed acts against a particular individual are not within the [continuous violation] rule." *White v. Federal Express Corp.,* 729 F.Supp. 1536, 1551 (E.D.Va.1990), *aff'd,* 939 F.2d 157 (4th Cir.1991), *citing De Medina v. Reinhardt,* 444 F.Supp. 573, 576 (D.D.C. 1978). A continuous violation may not be constituted of discrete, sporadic or inconsistent acts. *EEOC v. Peterson, Howell & Heather, Inc.,* 702 F.Supp. 1213, 1226 (D.Md. 1989). A fine summary of the continuous violation theory was stated in *Garvey v.*

*Dickinson College,* 775 F.Supp. 788, 801 (M.D.Pa.1991):

> "[The continuous violation] theory allows [an employee] to pursue a Title VII claim for discriminatory conduct which began outside the limitations period if she can demonstrate that the conduct alleged is part of an on-going practice or pattern of discrimination effected by the employer. To rely on this theory, the [employee] must prove that a violation occurred within the limitations period and that such violation is 'reasonably related' to prior discriminatory acts alleged. Isolated or sporadic incidents of discrimination, even if intentional, are not sufficient to establish the requisite pattern. [The employee] must also show that the continuing [discrimination] was sustained and consisted of more than incidents of a trivial nature. Nor is it sufficient to show only that the [employee] suffered a loss within the limitations period as a result of the prior discriminatory acts." (citations omitted).

*See Christman v. American Cyanamid,* 92 F.R.D. 441, 448 (N.D.W.Va.1981) (Haden, J.), *quoting, Patterson v. American Tobacco Co.,* 586 F.2d 300, 304–05 (4th Cir.1978) (a continuous violation involves a continuing pattern or practice of discrimination). *See also* 4 Joseph G. Cook & John L. Sobieski, Jr., *Civil Rights Actions* ¶ 21.16[D].

■ The six alleged incidents of discrimination asserted by the Plaintiff to have occurred outside the limitation period do not constitute anything more than "isolated and completed acts against a particular individual[.]" The Court also concludes those alleged incidents of discrimination bear no reasonable relationship to the alleged acts occurring within the statutory period. Therefore, those incidents are time barred and not actionable.

## II.

### AGE DISCRIMINATION

To prevail on its motion for summary judgment in regard to the age discrimination claim the Defendant must show an absence of evidence to support Plaintiff's claim; Plaintiff may then show issues of triable facts remain to be adjudicated. In *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1314–15 (4th Cir.1993), the Court of Appeals described the burdens of proof in an age discrimination case:

> "The ADEA makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's age.' To establish a claim, a plaintiff must prove, with reasonable probability, that but for the age of the plaintiff, the adverse employment decision would not have been made. Age must have been a determining factor in the employment decision. The burden of proof of an age discrimination claim may be satisfied, as with other types of discrimination claims, by direct evidence or by circumstantial evidence under a method of proof established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* scheme, once the plaintiff proves a prima facie case of discrimination, the burden of proving a legitimate explanation shifts to the defendant. If the defendant articulates a legitimate nondiscriminatory explanation which, if believed by the trier of fact, would support the conclusion that discrimination was not a determining factor in the adverse employment decision, the presumption created by the prima facie case 'drops from the case,' and the plaintiff bears the ultimate burden to prove that the defendant intentionally discriminated against the plaintiff. In meeting the ultimate burden the plaintiff may offer proof that the defendant's explanation was a mere pretext."

> "To establish a prima facie case of age discrimination under the ADEA with circumstantial evidence, the plaintiff must prove a set of facts which would enable the fact-finder to conclude with reasonable probability that *in the absence of any further explanation,* the adverse employment action was the product of age discrimination." (Emphasis in original; citations omitted).

To make a *prima facie* case of age discrimination, plaintiff must show the following:

" '(1) That he or she is a member of a protected class;

(2) That the employer made an adverse decision concerning the plaintiff; and

(3) That, but for his or her protected status, the adverse decision would not have been made.' " *Southern v. Emery Worldwide*, 788 F.Supp. 894, 897 (S.D.W.Va. 1992) (Haden, C.J.), *citing, Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986).

■ The Court concludes Plaintiff has failed to make a *prima facie* case of age discrimination. Although Plaintiff is a member of a protected class, there is simply no evidence to show any adverse treatment was accorded due to her age. Defendant's motion for summary judgment in regard to Plaintiff's age discrimination claim is therefore **GRANTED.**

## III.

### HANDICAP DISCRIMINATION

Plaintiff's claim of handicap discrimination is apparently based upon an alleged violation of the West Virginia Human Rights Act, W.Va.Code § 5–11–1, *et seq.* The criteria for proving a *prima facie* case of handicap discrimination was stated by the West Virginia Supreme Court of Appeals in *Syllabus* Point 2 of *Teets v. Eastern Associated Coal Corp., Federal No. 2*, 187 W.Va. 663, 421 S.E.2d 46 (1992) (*per curiam*):

" 'A handicapped person claiming employment discrimination under *W.Va.Code*, 5–11–9 [1981], must prove as a *prima facie* case that such a person (1) meets the definition of "handicapped," (2) possesses the skills to do the desired job with reasonable accommodations and (3) applied for and was rejected from the desired job.

The burden then shifts to the employer to rebut the claimant's *prima facie* case by presenting a legitimate, nondiscriminatory reason for such person's rejection. An example of such a legitimate, nondiscriminatory reason is that a person's handicap creates a reasonable probability of a materially enhanced risk of substantial harm to the handicapped person or others.' Syl. pt. 2, *Ranger Fuel Corp. v. Human Rights Comm'n*, 180 W.Va. 260, 376 S.E.2d 154 (1988)."

*See Syllabus* Points 2 and 3, *Morris Memorial Convalescent Nursing Home, Inc. v. West Virginia Human Rights Comm'n*, 189 W.Va. 314, 431 S.E.2d 353 (1993).

Plaintiff contends she meets the legal definition of handicapped due to a combination of "insomnia, upper respiratory infection, discomfort in her back, fibromyalgia, depression and other physical and psychological disorders." Plaintiff's Complaint at 2. In the instant case Defendant has not argued Plaintiff does not meet the definition of handicapped. For the purposes of this motion, the Court will assume Plaintiff has met the definition of handicapped.[1]

■ Plaintiff has also presented evidence that she could perform her job with reasonable accommodation. She was denied transfer to a temporary "part-time" position although her physician stated she could perform her regular job duties on a part-time basis. Defendant argues transfer to part-time is not the type of reasonable accommodation it was obliged to make. Defendant thus argues no part time position was available. Reasonable accommodation for a handicapped employee, however, includes job modifications such as reassigning or transferring the handicapped employee to a part-time work schedule. *West Virginia Code of State Rules* § 77–1–4.5.2.[2]

---

1. In *Teets, supra*, 187 W.Va. at 668, 421 S.E.2d at 51, the Court relied on the definition of handicapped found in Title 77 of the *West Virginia Code of State Rules*. Therein, a handicapped person is defined as one who: "has a mental or physical impairment which substantially limits one or more of a person's major life activities; or [h]as a record of such impairment; or [i]s regarded as having such impairment." *W.Va. C.S.R.* § 77–1–2.1.

2. Section 4.5 of the *W.Va.C.S.R.* states as follows:

"4.5 An employer shall make reasonable accommodation to the known physical or mental impairments of qualified handicapped applicants or employees where necessary to enable a qualified handicapped person to perform the essential functions of the job. Reasonable accommodations include, but are not limited to:

■ The Court concludes Plaintiff meets the second and third prongs of the *prima facie* test. She has presented evidence she can perform her job with reasonable accommodation (through modification of her work schedule to part-time) and has applied for and been denied a transfer. Thus, Defendant's motion for summary judgment on Plaintiff's handicap discrimination claim is **DENIED.**

## IV.

## CONCLUSION

Based upon the foregoing, Defendant's motion for summary judgment is **DENIED IN PART** on the handicap discrimination claim and **GRANTED IN PART** on the age discrimination claim.

The Clerk is directed to send a copy of this Order to counsel of record.

4.5.1 Making faculties used by handicapped employees, including common areas used by all employees such as hallways, restrooms, cafeterias and lounges, readily accessible to and usable by handicapped workers;

4.5.2 Job modification, part-time or modified work schedules, acquisition or modification of equipment or devices, the provision of readers or interpreters, and similar actions;

4.5.3 Alteration of the amount or methods of training; and

4.5.4 The preparation of fellow workers for the handicapped employee, to obtain their understanding of the handicapped limitations and their cooperation in accepting other reasonable accommodations for the handicapped employee.

4.5.4.a. Reasonable accommodation does not require an employer to:

4.5.4.a.1. Eliminate the essential functions of a job;

4.5.4.a.2. Include assignment to a new or different job;

4.5.4.a.3. Reassign the employee to another position in order to provide her/him with work she/he can perform;

4.5.4.a.4. Assign an essential part of a job to another person."