James L. McDONALD, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Civil Action No. 6:95–0277.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Feb. 15, 1996.

---

William L. Jacobs, Parkersburg, WV, for plaintiff.

Joseph M. Price and C. Scott Masel, Robinson & McElwee, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross motions for summary judgment in an age discrimination action. Jurisdiction is based on diversity of citizenship.[1] For the following reasons, the Court

---

1. This action was originally filed in the Circuit Court of Wood County, West Virginia on March 9, 1995 and subsequently was removed to this Court pursuant to 28 U.S.C. § 1441. Defendant bases removal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. Although

**GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion.

Plaintiff was hired by Cabot in 1977. When he was fired in 1994, he was 43 years old. He worked first as a Lab Technician and then as a Lab Chemist and Production Assistant. Plaintiff conceded in his November 5, 1995 deposition that the Production Assistant position he held was eliminated during corporate restructuring. Def's Mem. Supp.Summ.J. Ex. A. Defendant asserts by affidavit that the employee who assumed many of the duties and responsibilities of the Production Assistant's position is 48 years old. *Id.* Ex. C. Plaintiff presented no evidence to the contrary. Defendant also asserts by affidavit and deposition that many of the duties of the Lab Assistant position were assumed by a 53 year old employee after Plaintiff was fired. *Id.* Exhibits D and E. Again, Plaintiff offers *no evidence to the* contrary.

The Amended Complaint alleges Plaintiff's discharge constituted age discrimination in violation of federal and state law. Employment discrimination based on age is prohibited by the West Virginia Human Rights Act, W.Va.Code §§ 5–11–1 *et seq.* (1995) and the Federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*

The public policy of West Virginia is to provide all of its citizens with equal opportunity in employment without regard to age. W.Va.Code § 5–11–2 (1995). Under the West Virginia Human Rights Act, it is unlawful:

(1) For any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individu-

al is competent to perform the services required.

W.Va.Code § 5–11–9 (1995). The term "discriminate" means "to exclude from, or fail or refuse to extend to, a person equal opportunities because of ... age...." W.Va.Code § 5–11–3(h). The term "age" means "the age of forty or above." W.Va.Code § 5–11–3(k).

Under the ADEA, it is unlawful for an employer:

(1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.

29 U.S.C. § 623(a)(1). The ADEA's protection also is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631.

■ The Supreme Court of Appeals of West Virginia has consistently held:

cases brought under the West Virginia Human Rights Act, W.Va.Code, 5–11–1, *et seq.*, are governed by the same analytical framework and structure developed under Title VII, at least where our statute's language does not direct otherwise.... Under the burden-shifting *McDonnell Douglas–Burdine* [450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207] framework for analyzing pretext claims, a plaintiff must first create an inference of discrimination by establishing a *prima facie* case.

*Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 482–83, 457 S.E.2d 152, 159–60 (1995) (citations omitted). The West Virginia Court analyzes age discrimination cases based on indirect evidence according to that

---

Defendant's Notice of Removal also claims federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (ERISA), no arguments are made in any of its submissions to the Court in support of jurisdiction under ERISA. The Court's jurisdiction is, therefore, based on 28 U.S.C. § 1332; it appears from the pleadings there is complete diversity and the amount in controversy exceeds $50,000.00. Plaintiff did not seek remand. Because the Court concludes it has subject matter jurisdiction based on diversity of citizenship, it need not determine whether there is also a federal question at issue.

Neither the Complaint nor the Amended Complaint refer to a specific federal or state cause of action. Similarly, the memorandum in support of Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment do not indicate the nature of the claim. In fact, Plaintiff does not state in any of his submissions to the Court under which statutes or pursuant to what law he believes he is proceeding. For the purposes of this Memorandum Opinion, the Court will assume Plaintiff intends to raise federal claims under the ADEA and state claims under the West Virginia Human Rights Act.

framework. *See, e.g., McCauley v. Merrimac, Inc.,* 194 W.Va. 349, 460 S.E.2d 484 (1995).

■ The United States Court of Appeals for the Fourth Circuit likewise applies the *McDonnell Douglas* framework to ADEA actions. "The burden of proof of an age discrimination claim may be satisfied, as with other types of discrimination claims, by direct evidence or by circumstantial evidence under a method of proof established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1314 (4th Cir.1993). This Court similarly has applied the *McDonnell Douglas* framework in ADEA actions based on indirect evidence. *See e.g., Hurst v. St. Mary's Hospital of Huntington, Inc.,* 867 F.Supp. 435 (S.D.W.Va.1994); *Guinn v. Electronic Data Systems, Inc.,* 752 F.Supp. 713 (S.D.W.Va. 1990). In *Hurst,* this Court quoted *Mitchell v. Data General Corp., supra,* 12 F.3d at 1314–15:

> To establish a *prima facie* case of age discrimination under the ADEA with circumstantial evidence, the plaintiff must prove a set of facts which would enable the fact-finder to conclude with reasonable probability that in the absence of any further explanation, the adverse employment action was the product of age discrimination.

*Hurst,* 867 F.Supp. at 438. Plaintiff has not met this obligation.

■ The *McDonnell Douglas* framework puts the burden on a plaintiff to prove a *prima facie* case to a trier of fact by a preponderance of the evidence. *See, e.g., St. Mary's Honor Center v. Hicks,* 509 U.S. 502, ———— ——, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993). In actions brought under the West Virginia Human Rights Act, the elements of a *prima facie* case requiring proof by a preponderance of the evidence are:

> (1) the plaintiff was a member of a group protected by the act;
> (2) the plaintiff was discharged or forced to resign from employment; and
> (3) the plaintiff was replaced by someone not in the protected class.

*Barefoot, supra,* 193 W.Va. at 485–86, 457 S.E.2d at 162–63. Defendant admits Plaintiff satisfies the first two elements. The Court concludes, for reasons set out below, that Plaintiff has failed to satisfy the third element.

■ This Court held, in accord with *Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 358 S.E.2d 423 (1986), the first two elements of an age discrimination claim are essentially the same as listed above. *Southern v. Emery Worldwide,* 788 F.Supp. 894, 897 (1992). However, the Court adopted a formulation of the third element required to establish a *prima facie* case that differs from the above:

> (3) That but for his or her protected status, the adverse decision would not have been made.

*Southern* 788 F.Supp. at 897. Plaintiff has failed to adduce evidence establishing "but for" his age he would not have been terminated. Thus, under either the *Barefoot* or the *Emery–Conaway* paradigm, Plaintiff is unable to put forth a *prima facie* case of age discrimination.

■ Similarly, to establish a *prima facie* case under the ADEA, a plaintiff must prove, in addition to the first two elements, that "following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class." *E.E.O.C. v. Western Elec. Co., Inc.,* 713 F.2d 1011, 1014 (4th Cir.1983); *see also O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 546 (4th Cir.1995). Again, Plaintiff has not adduced evidence he was replaced by someone outside the protected class.

The standard used to determine whether a motion for summary judgment should be granted or denied has been stated by our Court of Appeals as follows:

> A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.'

Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

A genuine issue exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* —— U.S. ——, ——, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994). Here, Cabot has met its burden by showing an absence of evidence supporting Plaintiff's case and Plaintiff has not demonstrated the existence of a triable issue of fact. According to *Rule 56(e), Federal Rules of Civil Procedure,* "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial." The Court of Appeals for the Fourth Circuit noted that "obligation is particularly strong when the non-moving party bears the burden of proof ... on the issue at trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1129–30 (4th Cir.1987). Rule 56(e) further requires that affidavits be "made on personal knowledge ... and show affirmatively affiant is competent to testify to the matters stated therein."

Plaintiff alleges after he was fired, his duties at Cabot were performed by two employees who were outside the protected class. The only evidence Plaintiff offers in support is his recent affidavit of January 4, 1996 averring:

Within six months or less after the Plaintiff was terminated from his position, the Defendant employed Richard Hyde who is or was twenty-five years of age at the time of his employment and Melanie Collins who is or was twenty-six years old at the time of her employment, to perform some of the duties of Plaintiff's employment with defendant corporation.

Pl.'s Aff. ¶ 4. Plaintiff neither indicates the source of that information nor supplies any independent evidence to confirm it. Plaintiff has not attempted to show he is competent to testify on the matter or that the statement is based on personal knowledge. As far as the Court is able to ascertain, Plaintiff's allegation is nothing more than mere conjecture. Our Court of Appeals pointed out:

The Supreme Court has recently explained that there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Unsupported speculation is not sufficient to defeat a summary judgment motion.

*Felty v. Graves–Humphreys Co., supra,* 818 F.2d at 1128. Cabot admits it employed Mr. Hyde and Ms. Collins and that they are both under forty years old. Cabot denies, however, that they "perform the same duties or substantially the same duties that the plaintiff was performing at the time his position was eliminated." Def.'s Answer Pl.'s Interrog. at 4.

The thin reed of allegation on which Plaintiff's case is based cannot defeat summary judgment. The Court of Appeals stated, "[w]hen an inference can be supported by evidence to save it from the status of speculation, we think the non-moving party should present that evidence." *Felty* 818 F.2d at 1128. Plaintiff has presented no evidence he was replaced by someone outside the protect-

ed class beyond his bald assertions that some of his duties are performed by Ms. Collins and Mr. Hyde. Plaintiff's affidavit constitutes, at best, unsupported speculation insufficient to support a jury verdict.

Furthermore, Plaintiff's deposition testimony of November 9, 1995 contradicts his later affidavit. When asked if he knew Richard Hyde, Plaintiff responded:

A. I never met him. I don't know what job he has or if he is still up there.

Q. How old is he?

A. I'm not sure. I don't know.

Q. Do you have an estimate of how old he is?

A. Not really, I never laid eyes on him, so I couldn't even guess. . . .

Q. How about Melanie Collins?

A. No, never met her.

Q. Do you know what positions any of those . . . folks were performing when they were employed by Cabot, assuming they were employed by Cabot?

A. No, I don't.

Q. Do you know whether any of those folks are still employed by Cabot?

A. Not Certain.

Q. Do you know whether any of those individuals were performing the same duties or substantially the same duties which you performed at the time you were terminated?

A. No.

McDonald Dep. at 60–61.

In *Barwick v. Celotex Corp.,* 736 F.2d 946 (4th Cir.1984), the plaintiff, "in order to resurrect his law suit when faced with [a] summary judgment motion" filed a similar affidavit "in the hope of creating an issue of fact. . . ." *Id.* at 959. The Court observed:

[t]he entire content of the affidavit is conclusory, it does not set forth facts of which the plaintiff has personal knowledge and it does not give specific facts, but only generalities. If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Id.* at 960 (internal quotation marks and citations omitted). The Court of Appeals for the Seventh Circuit likewise held:

[a] party may not create a *genuine* issue of fact by contradicting his own earlier statements, at least without a plausible explanation for the sudden change of heart. As we have recently stated, "[i]t is well established that a party cannot create a genuine issue of fact by an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony."

*Richardson v. Bonds,* 860 F.2d 1427, 1433 (7th Cir.1988) (citations omitted). Plaintiff provides no explanation for the difference between his November 9, 1995 deposition testimony and his contradictory January 4, 1996 affidavit. The conclusory allegations of Plaintiff's affidavit contradicting his earlier deposition testimony do not, therefore, create a genuine issue of fact, but, at most, a sham issue of fact.

To establish a *prima facie* case of age discrimination, Plaintiff must show at least that he was replaced by someone not in the protected class. The Court finds and concludes Defendant has demonstrated an absence of evidence supporting Plaintiff's case. Because Plaintiff has not raised a genuine issue of fact, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment. The Court further ORDERS this case dismissed with prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.